IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS L. SMITH and HELEN S. STARCHIA, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : Civil Action No. 09-814-JJF <br> : |
| PATRICIA A. MEYERS, | : <br> : |
| Defendant. | : |

**MEMORANDUM OPINION AND ORDER**

I.  **BACKGROUND**

Plaintiffs, who appears pro se, filed suit this lawsuit against Defendant Patricia A. Meyers. (D.I. 1.) Plaintiffs proceed pro se. On November 24, 2009, the Court denied Plaintiffs' Emergency Motion To Reassign The Case. (D.I. 10, 11.) Plaintiffs now seek reconsideration of the Order. (D.I. 12.)

II.  **STANDARD OF REVIEW**

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiffs to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to

prevent manifest injustice. <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. <u>See Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." <u>Brambles USA, Inc. v. Blocker</u>, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." <u>Brambles USA</u>, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); <u>See also</u> D. Del. LR 7.1.5.

### III. DISCUSSION

The Court denied Plaintiffs' Motion on the grounds that they did not present any allegations that support recusal in this case. (D.I. 11.) Plaintiffs do not meet the standard for reconsideration. They provide no valid reason for the Court to reconsider its November 24, 2009 ruling. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiffs have not demonstrated any of the grounds

necessary to warrant reconsideration and, therefore, their Motion will be denied.

THEREFORE, at Wilmington, IT IS ORDERED that Plaintiffs' Motion for Reconsideration is **DENIED**. (D.I. 12.)

_December 30, 2009_
    DATE

UNITED STATES DISTRICT JUDGE