IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DENNIS LEE SMITH and HELEN S. :
STARCHIA,                      :
                               :
          Petitioners,         :
                               :
     v.                        :  Civ. No. 09-814-JJF
                               :
PATRICIA A. MEYERS,            :
                               :
          Respondent.          :

_____

Dennis Lee Smith, Pro se Petitioner, Selbyville, Delaware and
Helen S. Starchia, Pro se Petitioner, Dagsboro, Delaware.

William J. Dunne, Esquire, Community Legal Aid Society, Inc.,
Wilmington, Delaware.  Attorney for Respondent.

_____

**MEMORANDUM OPINION**

March 30, 2010
Wilmington, Delaware

Farnan, District Judge

Petitioners Dennis Lee Smith ("Smith") and Helen S. Starchia ("Starchia") (together "Petitioners"), who proceed pro se, filed a "Temporary Restraining Order Hereunder Fed. R. Civ. P. 65" to order Respondent Patricia A. Meyers ("Respondent") "from any further unconstitutional fraud, and/or false claims and statements," to enforce a July 12, 2006 reaffirmation agreement, and to order the protection of mutually signed and notarized agreements. (D.I. 1.) Before the Court are Petitioners' Amended Motion For Show Cause Order and Motion To Stay, and Respondent's Motion To Dismiss. (D.I. 6, 9, 18.)

## I. BACKGROUND

This is the third, of four cases, filed in this Court by Smith concerning the transfer or sale of real estate by Meyers to Smith, and efforts to rescind the transaction. In the first case, Smith v. Meyers, Civ. No. 07-525-JJF, filed on August 30, 2007, the Court denied a motion for injunctive relief and ultimately dismissed the case for failure to serve process. (Civ. No. 07-525-JJF at D.I. 4, 17.) Smith had alleged racial discrimination and conspiracy claims under 42 U.S.C. § 1981 and § 1985. On appeal, the United States Court of Appeals for the Third Circuit affirmed the denial of the motion for injunctive relief, noting that there was no real evidence of an intent to discriminate on the basis of race; rejected Smiths' bald

1

assertions of racism, despotism, and judicial misconduct as unfounded and devoid of any real factual support; and found that Smith failed to establish irreparable harm. Smith v. Meyers, No. 07-3999, 285 F. App'x 843 (3d Cir. 2008) (not published).

The second case, Meyers v. Smith, Civ. No. 09-579-JJF, filed August 6, 2009, removed from The Court Of Chancery Of The State Of Delaware In And For Sussex County, to this Court, Civ. A. No. 4739-MG ("Del. Ch. No. 4739-MG").[1] The Chancery Court case alleged claims under Delaware law for breach of fiduciary duty, common law fraud, undue influence, and exploitation of an infirm adult, and sought an order rescinding a deed executed by Meyers to Smith. Removal was not permitted and the case was summarily remanded to the Chancery Court. (Civ. No. 09-579-JJF at D.I. 4.) The Court also denied a Motion For Reconsideration. (Id. at D.I. 12.) No appeal was taken.

This case, filed October 29, 2009 as a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65 for vindication of civil rights, also revolves around the real estate issues raised in the previous two cases and makes specific reference to Del. Ch. No. 4739-MG. Petitioners state that their claims arise under 42

---

[1]Recently, on March 11, 2010, Smith and Starchia filed a second Notice Of Removal of Del. Ch. No. 4739-MG. (See Meyers v. Smith, Civ. Case No. 10-199-JJF-LPS at D.I. 1.) Currently pending in that case is Meyers' Response To Notice Of Removal And Motion For Remand. (Id. at D.I. 6.)

U.S.C. § 1981(a),[2] 42 U.S.C. § 1983,[3] 42 U.S.C. § 1985,[4] and 42

U.S.C. § 1988,[5] pursuant to 31 U.S.C. § 3802[6] and criminal

violations.[7]  Petitioners assert that certain notarized

---

[2]To state a claim under 42 U.S.C. § 1981, a plaintiff is required to plead facts demonstrating that the plaintiff is member of a racial minority, that there was intent to discriminate on the basis of race by the defendant, and that discrimination concerned one or more of the activities enumerated in the statute.  Hood v. New Jersey Dep't of Civil Serv., 680 F.2d 955, 959 (3d Cir. 1982); McDuffy v. Koval, 226 F. Supp. 2d 541, 550 (D. Del. 2002).  A claim under § 1981 is restricted by its language to discrimination based on race or color.  Springer v. Seaman, 821 F.2d 871 (1st Cir. 1987)

[3]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

[4]Presumably Petitioners refer to § 1985(3) since § 1985(1) and (2) are not implicated in anyway in Petitioners' filings.  To state a claim under this section the Complaint must allege: (1) a conspiracy; (2) that the conspiracy is motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.  See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997).

[5]Section 1988(a) provides for the consideration of state law in a § 1983 claim when there is no rule of federal law on point and state law is consistent with the Constitution and laws of the United States; Section 1988(b) provides for attorneys fees for the prevailing party in a § 1983 action.

[6]The Program Fraud Civil Remedies Act was enacted in 1986 to allow federal departments and agencies to pursue administrative actions against individuals for false, fictitious or fraudulent claims for benefits or payments under a federal agency program. 31 U.S.C. § 3802; Orfanos v. Department of Health and Human Services, 896 F. Supp. 23, 24 (D.D.C. 1995).

[7]18 U.S.C. §§ 4, 241.

3

statements are protected under 42 U.S.C. § 1981(b); that a cover-up violated 42 U.S.C. § 1986,[8] and they ask the Court to stop the ongoing racial injustice pursuant to 42 U.S.C. § 1981(a).

## II. MOTION FOR SHOW CAUSE ORDER

Petitioners move the Court for an order to show cause why Del. Ch. No. 4739-MG, should not be dismissed for fraud pursuant to 31 U.S.C. § 3802 and criminal violations. (D.I. 6.) Respondent opposes the Motion and moves for dismissal on the grounds that this Court lacks subject matter jurisdiction. (D.I. 9.) Petitioners did not respond to Respondents' Motion To Dismiss.

Before addressing the merits of Petitioners' motion, the Court notes that they cannot meet the requisites for injunctive relief sought in their initial pleading. (D.I. 1.) To obtain the remedy of a preliminary injunction, Petitioners, as the moving parties, must demonstrate: "(1) a likelihood of success on the merits; (2) that [they] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharm., Inc.

---

[8]Section 1986 provides for a cause of action for damages for neglect to prevent conspiracy to interfere with civil rights. It can only be pleaded once a plaintiff has sufficiently alleged a violation of § 1985.

4

v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (citation
omitted). It is evident from the face of their pleading that
there is no likelihood of success on the merits under the
statutes upon which Petitioners rely. See Ashcroft v. Iqbal,
-U.S.-, 129 S.Ct. 1937, 1949 (2009)(a complaint must contain
sufficient factual matter, accepted as true, to "state a claim to
relief that is plausible on its face."); Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007).

Petitioners' generalized race discrimination allegations do
not provide a basis for relief pursuant to § 1981 or § 1985.
Because the Complaint does not state a claim under § 1985,
Petitioners cannot prevail under § 1986. Also, there are no
state actors and, therefore, § 1983 is inapplicable. Similarly,
§ 1988 is inapplicable with regard to use of state law and an
award of attorneys fees. Petitioners cannot prevail under 31
U.S.C. § 3802 as it provides for relief with regard to benefits
or payments of a federal agency program and there are no
allegations to support a claim under said statute. Finally, they
cannot prevail under the federal criminal statutes, as individual
citizens do not have a constitutional right to the prosecution of
alleged criminals. Capogrosso v. The Supreme Court of New
Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (citing Sattler v.
Johnson, 857 F.2d 224, 227 (4th Cir. 1988)).

Additionally, Petitioners seek relief that the Court cannot

provide. The Delaware Chancery Court case is on-going, and Petitioners ask this Court to issue a ruling that will have an effect on Del. Ch. No. 4739-MG.

In certain circumstances, district courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 437, (1982). Abstention is appropriate when the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims.[9] Addiction Specialists, Inc. v. Township of Hampton, 411 F.3d 399, 408 (3d Cir. 2005).

As to the first prong, the Chancery Court case was pending when Petitioners filed this action on October 29, 2009.[10] The second prong of the test asks whether the State proceedings implicate important State interests. In considering the second prong, "when the other elements of the Younger test are met,

---

[9]The Younger abstention doctrine is not appropriate when "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist . . . ." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).

[10]The Chancery Court proceeding was filed on or about July 16, 2009. (D.I. 6, ¶ 1.)

neither injunctive nor declaratory relief will be available 'in cases in which the federal relief would render the state court's orders or judgments nugatory.'" Lazaridis v. Wehmer, 591 F.3d 666, 671 (3d Cir. 2010) (quoting Schall v. Joyce, 885 F.2d 101, 108 (3d Cir. 1989); Juidice v. Vail, 430 U.S. 327, 336 n.12 (1977). It appears that Petitioners are seeking an order from this Court dismissing Del. Ch. No. 4739-MG. Clearly, this type of relief, were it granted by the Court, could directly impact Delaware's interest in protecting the authority of its judicial system. Should this Court enter the requested ruling, it would in essence be "substitut[ing] itself for the State's [Chancery Court]," which would "result [ ] in duplicative legal proceedings" and could "readily be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles.'" Huffman v. Pursue, 420 U.S. 592, 604, 609 (1975) (quoting Steffel v. Thompson, 415 U.S. 452, 462 (1974)); see also Lazaridis, 591 F.3d at 671. Hence, the Delaware Chancery Court's proceeding implicates the important State interest of preserving the authority of the State's judicial system.

With regard to the third prong, it is evident from Petitioners' filings that the Delaware Chancery Court presents an adequate forum wherein they could pursue their claims and nothing indicates they are barred from presenting those claims. See

7

Juidice, 430 U.S. at 337 (Younger requires only "an opportunity
to present federal claims in a state proceeding"); Pennzoil Co.
v. Texaco, Inc., 481 U.S. 1, 14-15 (1987) (The "burden on this
point rests on the federal plaintiff to show that state
procedural law barred presentation of its claims.")  Moreover, it
appears that the Chancery Court case remains pending and
Petitioners have an opportunity to raise the issues there.

All of the elements of the three-part Younger abstention
test are met.  Therefore, the Court will deny the Amended Motion
For Show Cause Order.  (D.I. 6.)  Finally, for the above reasons,
the Court will abstain from exercising jurisdiction under the
Younger abstention doctrine and will dismiss the case.

### III.  MOTION TO STAY AND RESPONSE TO DECEMBER 30, 2009 ORDER

On December 30, 2009, the Court denied Petitioners' Motion
For Reconsideration of an Order denying an emergency motion to
reassign the case.  (D.I. 17.)  In response, Petitioners filed a
Motion To Stay and a Response to the Order.  The Court will deny
the Motion To Stay and sees no need to revisit its December 30,
2009 Order.

### IV.  CONCLUSION

For the above reasons, the Court will deny Petitioners'
Motions, will abstain from exercising jurisdiction, and will
grant Respondent's Motion To Dismiss.  (D.I. 6, 9, 18.)

An appropriate Order will be entered.