IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS L. SMITH and HELEN S. STARCHIA, : : : Petitioners, : : v. : : PATRICIA A. MEYERS, : : Respondent. : | Civil Action No. 09-814-JJF |

**MEMORANDUM ORDER**

I. **BACKGROUND**

Petitioners, who appears <u>pro se</u>, filed this lawsuit against Respondent Patricia A. Meyers. (D.I. 1.) On March 30, 2010, the Court denied Petitioners' Amended Motion For A Show Cause Order and Motion To Stay, abstained from exercising jurisdiction pursuant to the <u>Younger</u> abstention doctrine, and granted Respondent's Motion To Dismiss. (D.I. 19, 20.) Petitioners now seek reconsideration of the Order. (D.I. 21.)

II. **STANDARD OF REVIEW**

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. <u>Lazaridis v. Wehmer</u>, 591

F.3d 666, 669 (3d Cir. 2010) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

## III. DISCUSSION

Petitioners move for consideration, pursuant to 28 U.S.C. § 144, on the grounds of bias or prejudice of the undersigned judge. Pursuant to 28 U.S.C. § 144, a federal district court judge must recuse if a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against [that party] or in favor of any adverse party." The Motion For Reconsideration asserts that the undersigned

2

intentionally violated § 144 and, therefore, violated the Thirteenth and Fourteenth Amendments of the United States Constitution. Petitioners' Motion fails to provide evidence to support their position. See United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989) (stating that "[c]onclusory statements and opinions" made by a litigant in his 28 U.S.C. § 144 affidavit "need not be credited").

Petitioners also state that the March 30, 2010 Memorandum Opinion and Order is based upon manifest constitutional error. Petitioners' disagreement with the Court's rule, however, is insufficient to dictate recusal nor does it suffice for reconsideration. See Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990).

Petitioners do not meet the standard for reconsideration. They provide no valid reason for the Court to reconsider its March 30, 2010 ruling. There is no need to correct a clear error of law or fact or to prevent manifest injustice. Petitioners have not demonstrated any of the grounds necessary to warrant reconsideration and, therefore, their Motion will be denied.

THEREFORE, at Wilmington, IT IS ORDERED that Petitioners' Motion for Reconsideration is **DENIED**. (D.I. 21.)

_5/12/10_
DATE

_[signature]_
UNITED STATES DISTRICT JUDGE

3