IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS L. SMITH and HELEN S. STARCHIA, | : :  : |
| Petitioners, | : : |
| v. | : Civil Action No. 09-814-JJF : |
| PATRICIA A. MEYERS, | : : |
| Respondent. | : |

**MEMORANDUM ORDER**

Pending before the Court is a Motion To Stay and Motion For Relief From Judgment Or Order filed by Petitioner, Dennis Lee Smith. (D.I. 25, 26.) For the reasons discussed, the Court will deny the Motions.

**I.   BACKGROUND**

Petitioners Dennis Lee Smith ("Smith") and Helen S. Starchia ("Starchia") (together "Petitioners"), who proceed pro se, filed a "Temporary Restraining Order Hereunder Fed. R. Civ. P. 65" to order Respondent Patricia A. Meyers ("Respondent") "from any further unconstitutional fraud, and/or false claims and statements," to enforce a July 12, 2006 reaffirmation agreement, and to order the protection of mutually signed and notarized agreements. (D.I. 1.) The Court dismissed the case on March 30, 2010. (D.I. 19, 20.) On May 12, 2010, the Court denied Petitioners' Motion For Reconsideration. (D.I. 24.)

By his Motion To Stay, Smith requests the Court to uphold his rights under the Thirteenth and Fourteenth Amendments to the

United States Constitution. (D.I. 25.) By his Motion For Relief, Smith seeks relief from the Court's May 12, 2010 Memorandum Opinion and Order pursuant to Federal Rule of Civil Procedure 60(b)(3) based upon fraud. (D.I. 26.)

**II. STANDARD OF REVIEW**

Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party."[1] Fed. R. Civ. P. 60(b)(3). "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing," Brown v. Pennsylvania R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted), and "cannot serve as an attempt to relitigate the merits." Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." Hesling v. CSX Transp., Inc., 396 F.3d 632, 641 (5th Cir. 2005) (citation omitted).

Rule 60(b)(3) concerns litigation-related fraud perpetrated in the course of litigation that interferes with the process of adjudication. Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 134 (1st Cir. 2005). Once such fraud is proved, the

---

[1] A Rule 60(b)(3) motion must be filed no more than one year after entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

2

judgment may be set aside upon the movant's showing that the fraud "'substantially interfered with [the movant's] ability fully and fairly to prepare for, and proceed at, trial.'" Tiller v. Baghdady, 294 F.3d 277, 280 (1st Cir. 2002) (citation omitted). "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. For example, failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). Typical Rule 60(b)(3) fraud cases involve fraud or misstatements perpetrated in the course of litigation or other misconduct aimed directly at the trial process. Tiller v. Baghdady, 294 F.3d 277, 280 (1st Cir. 2002) (citation omitted).

### III. DISCUSSION

By his Motions, Smith contends that the Court's May 12, 2010 Memorandum Order is an unconstitutional and illegal Court Order and is further "prima facie evidence of violating/rebellion against federalized code" 28 U.S.C. § 144. More particularly, Smith accuses the undersigned of judicial misconduct in violation of his Thirteenth and Fourteenth Amendment Rights to the United States Constitution. (D.I. 26.) Smith asks the Court to stop the "unconstitutional conduct to prevent vicarious liability (42 U.S.C.A. § 1985(3) § 1986) and unconstitutional manifest

injustice/miscarriage of justice and arbitrary and capricious issues." Id.

Initially the Court notes that it has already ruled on a previous Motion filed by Smith pursuant to 28 U.S.C. § 144. (See D.I. 24.) In the Court's view, Smith's use of Rule 60(b)(3) to support his fraud claim is inappropriate. Smith's Motion consists of unsupported allegations, and he did not produce evidence of material misrepresentations sufficient to satisfy the standard for relief under Rule 60(b)(3) (i.e., that the fraud was committed by the opposing party). Indeed, Smith's Motion refers to "fraud" that was allegedly committed by the undersigned, consisting of rulings adverse to Smith. See Smith v. Dell, Inc., Civ. No. No. 06-2496-B/V, 2007 WL 3232037 (W.D. Tenn. Oct. 31, 2007); Ankele v. Johnson, Civ. No. 04-4811-JW, 2005 WL 1459553 (N.D. Cal. June 21, 2005). Rule 60(b)(3), on its face, pertains to misconduct "of an adverse party" not, as Smith suggests, that the Court has committed fraud. It is not intended to relitigate the merits of a case. Therefore, the Court conludes that Smith is not entitled to relief under Rule 60(b)(3).

It is evident to the Court that Smith's real intent is that the Court reconsider its Order denying his first Motion For Reconsideration. (See D.I. 21.) The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex

4

rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Applying this criteria to the circumstances in this case, the Court concludes that Smith has failed to demonstrate any of the grounds necessary to warrant reconsideration. Accordingly, the Court will deny Smith's Motions.

NOW THEREFORE, IT IS ORDERED that:

1. The Motion To Stay is **DENIED**. (D.I. 25.)

2. The Motion for Relief from Judgment or Order is **DENIED**. (D.I. 26.)

July 13, 2010
DATE

UNITED STATES DISTRICT JUDGE