IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DENNIS LEE SMITH and
HELEN S. STARCHIA,

        Petitioners,

v.                                          Civ. No. 09-814-LPS

PATRICIA A. MEYERS,

        Respondent.

## MEMORANDUM ORDER

At Wilmington this 23rd day of March, 2011, having considered the pending motions:

IT IS HEREBY ORDERED that:

1. Petitioners Dennis Lee Smith ("Smith") and Helen S. Starchia ("Starchia") (together "Petitioners"), who proceed *pro se*, filed a "Temporary Restraining Order Hereunder Fed. R. Civ. P. 65" to order Respondent Patricia A. Meyers ("Respondent") "from any further unconstitutional fraud, and/or false claims and statements," to enforce a July 12, 2006 reaffirmation agreement, and to order the protection of mutually signed and notarized agreements. (D.I. 1) The Court dismissed the case on March 30, 2010. (D.I. 19, 20) On May 12, 2010, the Court denied Petitioners' motion for reconsideration. (D.I. 24) Petitioners filed a motion to stay and motion for relief from judgment order. (D.I. 25, 26) The Court denied the motions on July 13, 2010. (D.I. 32) Unhappy with the rulings, Petitioners filed another motion to stay and a motion for reargument (D.I. 33, 34) followed by twenty-six other motions (D.I. 37, 38, 42, 43, 45, 47, 51, 53, 54, 55, 58, 60, 63, 64, 67, 68, 73, 74, 75, 79, 81, 82, 83, 87, 88, 89).

1

2. The Court has denied reconsideration of its prior rulings. As is well established, the purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

3. As previously determined, Petitioners have failed to demonstrate any of the aforementioned grounds to warrant a reconsideration of the Court's March 30, 2010 dismissal order. Therefore, the motion for reargument is DENIED. (D.I. 33)

4. Petitioners' numerous other filings are vexatious, abusive of the system, and in many instances duplicative. They are DENIED as moot. (D.I. 34, 37, 38, 42, 43, 45, 47, 51, 53, 54, 55, 58, 60, 63, 64, 67, 68, 73, 74, 75, 79, 81, 82, 83, 87, 88, 89) Petitioners are placed on notice that future filings will be docketed, but not considered by the Court.

5. This is one of a number of *pro se* civil actions filed by Petitioners. Unhappy with prior rulings, they have sued the undersigned in *Smith v. Meyers*, Civ. No. 11-126-PD (D. Del.).[1] The complaint in that action alleges "extrinsic fraud/fraud on court and invidious racial discrimination," as well as violations of the Thirteenth and Fourteenth Amendments and civil

---

[1] That action is assigned to the Honorable Paul S. Diamond of the Eastern District of Pennsylvania, sitting as a Visiting Judge in this District. Recently Judge Diamond denied Petitioners' request for a restraining order against the undersigned judge (as well as against Chancellor William B. Chandler III of the Delaware Court of Chancery), finding it to be "frivolous, offensive, and of a piece with Mr. Smith's abusive tactics." (Civ. No. 11-126-PD D.I. 21 at 1)

rights statutes 28 U.S.C. § §1343(a)(3) and 42 U.S.C. §§ 1985(3), 1986, and 1988. (*Id.* at D.I. 1) Additionally, in that action Petitioners seek injunctive relief to enjoin the "unconstitutional and illegal remand of civil action No. 10-199-LPS, which was done by [the undersigned] without jurisdiction." (*Id.* at D.I. 12) Similarly, in the instant action (Civ. No. 09-814-LPS), Petitioners have also submitted a complaint to the Circuit Executive. (D.I. 93)

6. The parties have not moved for the recusal of the undersigned. Regardless, even if the parties do not move for recusal, 28 U.S.C. § 455 creates an independent duty which requires federal judges to evaluate in every case whether they should disqualify themselves. *See* 28 U.S.C. § 455(a) (stating that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"); *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162 (3d Cir. 1993) (holding that § 455 "commands the judge to disqualify himself *sua sponte*"). Accordingly, the court raises the issue of recusal *sua sponte*.

7. The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). Under § 455(b)(1), a judge is also required to recuse herself "[w]here he has a personal bias or prejudice concerning a party." Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *see also Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (stating that beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."

3

*Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.* at 555-56. Furthermore, and importantly, "it is well settled that a judge has an affirmative duty not to disqualify himself unnecessarily." *Te-Ta-Ma Truth Found. v. The World Church of the Creator*, 246 F. Supp. 2d 980 (N.D. Ill. 2003)

8. As discussed above, Petitioners have filed a lawsuit as well as a complaint with the Circuit Executive against the undersigned. However, a judge is not disqualified merely because a litigant sues or threatens to sue him. *See In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005); *United States v. Watson*, 2 F.3d 733, 735 (8th Cir. 1993) (per curiam); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986). To recuse because a party threatens baseless misconduct charges would allow litigants to choose their judge based on a mere threat. *See United States v. Vampire Nation*, 451 F.3d 189, 209 (3d Cir. 2006) (finding that trial judge did not err in failing to recuse himself, though defendant had filed judicial misconduct complaint against judge, since defendant "had already deluged the District Court with numerous and frivolous *pro se* motions throughout the proceedings, and we are unwilling to conclude that the judge erred by not *sua sponte* recusing himself from sentencing simply because, a convicted defendant who had already clogged the proceedings with *pro se* motions, also filed a judicial misconduct complaint in addition to other *pro se* motions").[2] Even if litigation against a judge is not for the purpose of disqualification, recusal is not automatic because suits against public

---

[2]Petitioners have also sued the Honorable Joseph J. Farnan, Jr., who was previously assigned this case. *See Smith v. Farnan*, Civ. No. 10-830-LPS (D. Del.).

4

officials are common and a judge would likely not harbor bias against someone simply because the person named him in a meritless civil suit. *Lyons v. Sheetz*, 834 F.2d 493, 495, n.1 (5th Cir. 1987); *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985).

10. Petitioners have a history of filing lawsuits, many of them frivolous, and there have been numerous rulings against them. Nothing indicates that the undersigned displayed a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. It is evident that the civil complaint and complaint filed with the Circuit Executive exist because Petitioners take exception to the undersigned judge's prior rulings. After careful and deliberate consideration, the undersigned concludes that he has no actual bias or prejudice towards Petitioners and that a reasonable, well-informed observer would not question his impartiality. In light of the foregoing standard and after considering Petitioners' assertions, the undersigned concludes that there are no grounds for recusal.

_____
UNITED STATES DISTRICT JUDGE